BERTHA SCHRAER, PETITIONER-APPELLANT, v. SOUTH-
ERN TRUCKING CO., RESPONDENT-RESPONDENT.

Bergen County Court
Law Division

Decided—November 30, 1970.

*Mr. Robert J. Inglima* argued the cause for appellant.

*Mr. Thomas J. Osborne, Jr.* argued the cause for appellee. (*Messrs. Vaccaro & Osborne,* attorneys).

SIMPSON, J. C. C. In this workmen's compensation appeal petitioner applied for a counsel fee for services in the County Court. Both the amount and the apportionment thereof are in dispute.

Walter Schraer died of an acute coronary occlusion while working on January 18, 1965. A claim petition was filed January 18, 1966, testimony was taken in the Division of Workmen's Compensation on several days between July 13, 1967 and September 17, 1968 under the "partial hearing" system, and on October 3, 1968 dependency benefits were denied. A subsequent appeal to this court resulted in a remand on January 14, 1969 for additional testimony, findings of fact and conclusions. Further hearings resulted in a similar denial of benefits on February 9, 1970. On the second appeal to this court, the decision of the judge of compensation was reversed, and the resulting judgment below was for $14,000 benefits, $400 funeral expense and a counsel fee for services in the Division of $2,750, apportioned $1,500 against respondent and $1,250 against petitioner.

This attorney's fee for services below was virtually the maximum allowable 20% of the judgment under *N. J. S. A.* 34:15–64.

For all services on the aforesaid two appeals to the County Court, as well as the proceedings on this application for attorney's fee, an allowance of $6,500 is sought, and respondent contends that $1,000 "would be more than reasonable." Petitioner urges that the full allowance be assessed against respondent, while the latter argued that an apportionment of between one-half and two-thirds thereof against it would be more appropriate.

I

■ In the Division of Workmen's Compensation an unsuccessful petitioner's attorney gets no fee. An attorney for a respondent successful in the Division gets no fee (payable by petitioner), either. This results from the wording of *N. J. S. A.* 34:15–64 providing for a discretionary attorney's fee "to the party in whose favor judgment is entered * * * not exceeding * * * (20%) of the judgment." *Haberberger v. Myer,* 4 *N. J.* 116 (1950).

*R.* 4:74–1(f), as to workmen's compensation appeals to the County Court, provides:

The county court, may in its discretion, allow to a *petitioner prevailing* on the appeal a reasonable attorney's fee for his services in the county court. [Emphasis added]

Discretionary attorney's fees in connection with further appeals of workmen's compensation proceedings may be allowed by the appellate courts pursuant to *R.* 2:11–4. The foregoing two new rules reflect two changes in the previously applicable *R. R.* 5:2–5(f) which provided:

The county court may, in its discretion, allow reasonable attorney's fee to the *prevailing party* on appeal from an order or determination of the Division of Workmen's Compensation for his services in the county court, the Appellate Division of the Superior Court, and the Supreme Court. [Emphasis added]

The first change limits the power of the County Court to allow counsel fees for services on the appeal to it, rather than for all appellate services. Even under the old rule, however, it was not inappropriate to make the allowance at the time of the County Court appeal, even though further appeals were contemplated. *Walsh v. Eclipse Pioneer Division*, 83 *N. J. Super.* 284 (Cty. Ct. 1964).

The second change restricts County Court allowances of reasonable attorney's fees to a "petitioner prevailing" rather than a "prevailing party," although there are no restrictions as to allowances in the Appellate Division or in the Supreme Court. Reading *R.* 4:74-1(f), *R.* 2:11-4 and *N. J. S. A.* 34:15-64 together, it appears that allowance of a counsel fee to petitioner's attorney for services in the Division of Workmen's Compensation is contingent upon the ultimate outcome of the case, since it is tied by statute to the amount of the judgment. This was clearly the law under the old rules, both before and after the repeal of *N. J. S. A.* 34:15-67[1], similar in import to the above cited *R. R.* 5:2-5(f). *Comparri v. James Readding, Inc.,* 121 *N. J. L.* 591 (Sup. Ct. 1939); *D. Kaltman & Co., Inc. v. Itzkowitz,* 133 *N. J. L.* 191 (Sup. Ct. 1945); *Walsh v. Eclipse Pioneer Division, supra.* Although the opinions in these same cases implied that counsel fees for services on

---

[1]"The court of common pleas may, in its discretion, allow a reasonable attorney fee to the party prevailing in the trial of such appeal, which fee may be taxed in the costs and recovered against the unsuccessful party. In cases where the judgment of the court of common pleas is reviewed by the supreme court by certiorari, the court of common pleas may allow a reasonable attorney fee to the party prevailing on the certiorari for his services on the certiorari, which fee shall be taxed in the costs and become a part of the final judgment in the cause, and may be recovered against the unsuccessful party. In cases where an appeal is taken from the judgment of the supreme court to the court of errors and appeals, the court of common pleas may allow a reasonable attorney fee to the party prevailing on the appeal to the court of errors and appeals for his services on the appeal, which fee shall be taxed in the costs and become a part of the final judgment in the cause, and may be recovered against the unsuccessful party."

all appeals were contingent upon the final decision in the case, they all involved situations where the petitioners were successful at the intermediate levels of appeal reached at the time. On the other hand, it was held in *Hodes v. Oak Flooring Co.,* 43 *N. J.* 359 (1964), that under unusual circumstances a counsel fee for petitioner's attorney's services in the County Court, Appellate Division and Supreme Court would be allowed, regardless of the ultimate outcome of the case there being remanded.

There are no unusual circumstances in this case calling for an allowance of petitioner's counsel fees for services in the County Court not dependent on the ultimate outcome of the case, in the sense of the *Hodes* case. The remand to the Division of Workmen's Compensation for additional testimony was not chargeable to any omission or dilatory tactics of respondent. It is not necessary to decide whether the allowance to be made at this time is contingent upon the outcome of any further possible appeals, it being sufficient to state that the allowance is made in the absence of circumstances calling for a deviation from whatever the general rule is ultimately determined to be.

## II

The *quantum* of a reasonable attorney's fee for services in the County Court for a prevailing petitioner is a matter of discretion. *McKenzie v. Brixite Mfg. Co.,* 34 *N. J.* 1, 8 (1961). The affidavit of services filed by petitioner's attorney meets the requirements of *R.* 4:42–9(b), and on the basis of time and effort expended and results obtained for the benefit of petitioner, would warrant the amount requested. The fact that heart attack death cases are a most difficult problem for the courts and the Division of Workmen's Compensation hardly needs a citation. *Szumski v. Dale Boat Yards, Inc.,* 48 *N. J.* 401, 407 (1967). It follows that counsel have the same difficulties, and the proofs, briefs and oral arguments require considerable time, effort and skill meriting consideration in evaluating fee applications.

That this was a difficult case is also apparent from the already noted allowance by the judge of compensation of virtually the maximum 20% for services in the Division.

Two appeals to the County Court were required, and it has already been noted that this was not the fault of respondent's attorney. On the other hand, it was not the fault of petitioner's counsel either, so that this factor is more appropriate for consideration on the question of apportionment rather than in determining the total amount thereof. Despite the foregoing indications that the amount requested is not exorbitant in the circumstances, some consideration must be given to the relationship between the total benefits and total fees, and the fact that on this type of case there is a certain amount of repetition and duplication of work. *Kasiski v. International Paper Co.*, 33 *N. J.* 473 (1960). For all services in this matter in the County Court, petitioner's attorney is allowed a total of $4,000 in attorney's fees.

The question of apportionment of counsel fees for appellate services (including appeal to the County Court) in workmen's compensation matters has not been decided by our Supreme Court, as noted in *Kasiski, supra,* at 476. The Appellate Division has said that apportionment is preferable, however, where the appeal to the County Court is not frivolous. *Ryder v. Riverside Gardens, Inc.*, 60 *N. J. Super.* 553, 568 (App. Div. 1959). Although apportionment must obviously be determined on a case by case basis, *Joy v. Florence Pipe Foundry Co.*, 64 *N. J. Super.* 13 (App. Div. 1960), is an example approving an assessment of about 67% to a respondent. Under all the circumstances, the $4,000 counsel fee for petitioner's attorney's services in the County Court is apportioned as follows: 75%, or $3,000, to be paid by respondent, and 25%, or $1,000, to be paid by petitioner. In view of the question of apportionment, the clerk will be unable to tax costs as of course under *R.* 4:42–8. These are assessed to respondent, to include $397 for transcripts, as supported by the affidavit of services of petitioner's attorney and unopposed.